IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In the Matter of:

Dean Robert Coenen,

(Chapter 7)

Debtor.

Case No. 12-12141

MEMORANDUM DECISION

The trustee has objected to the debtor's claim of a homestead exemption under Wisconsin law. Debtor Dean R. Coenen was the 100% owner of K-D of Fair Valley, LLC ("K-D"), which in turn owns a bar and apartment located in Sauk City, WI (the "property"). K-D operates the bar as the "Bucksnort Saloon."

The debtor has listed the property's value as $188,586.56 on his Schedule C. The debtor lives in the property and claims a homestead exemption in the amount of $25,656.90, under Section 522(b)(3) of the Bankruptcy Code and Wisconsin Statutes Section 815.20.

The trustee argues that the debtor does not "own" the property for purposes of the homestead exemption provision because K-D holds legal title to the property. The debtor responds that he owns the property because he is the sole owner of K-D and therefore has exclusive use and control of the property.

Section 522 of the Bankruptcy Code allows a debtor to exempt certain property from the bankruptcy estate. 11 U.S.C. § 522(b)(1). A debtor may elect to take the exemptions that are provided by applicable state law. 11 U.S.C. § 522(b)(1), (3).

Wisconsin Statutes Section 815.20 offers a state law homestead exemption:

1

> An exempt homestead as defined in s. 990.01(14) selected by a resident owner and occupied by him or her shall be exempt from execution, from the lien of every judgment, and from liability for the debts of the owner to the amount of $75,000, except mortgages, laborers', mechanics', and purchase money liens and taxes and except as otherwise provided. . . . The exemption extends to the interest therein of tenants in common, having a homestead thereon with the consent of the cotenants, and to any estate less than a fee.

Wis. Stat. Ann. § 815.20(1) (West 2012). An exempt homestead is defined as "the dwelling . . . and so much of the land surrounding it as is reasonably necessary for its use as a home." Wis. Stat. Ann. § 990.01(14) (West 2012).

> 1. *The debtor and the LLC are separate legal entities, so the debtor does not have legal title to the property.*

The Bankruptcy Court for the Eastern District of Wisconsin recently denied a homestead exemption to a debtor in property that was owned by his limited liability company (LLC). *In re Arnhoelter*, 431 B.R. 453 (Bankr. E.D. Wis. 2010). "The most basic requirement of the homestead exemption is ownership of the property; the statute provides in unambiguous terms that the property must be selected by a 'resident owner and occupied by him.' Here, at the time the judgment was docketed, the owner of the property was Arnhoelter Dairy, LLC, not the [d]ebtor. Since the [d]ebtor was not the title owner of the property, he could not claim it as his exempt homestead, even though he lived there." *Id.* at 454.

As a general rule, there is "strong public policy" in Wisconsin supporting the homestead exemption. *Schwanz v. Teper*, 66 Wis. 2d 157, 163, 223 N.W.2d 896, 899 (1974) (citing *Anchor Sav. & Loan Assoc. v. Week*, 62 Wis. 2d 169, 175, 213 N.W.2d 737, 739 (1974)). Homestead exemptions are therefore "liberally construed in favor of the debtor." *Id.* (citing *Northwestern Securities Co. v. Nelson*, 191 Wis. 580, 211 N.W. 798 (1927)). However, the court in *Arnhoelter* ultimately determined that even a liberal homestead exemption could not override the legal difference between the debtor and his LLC. In our case, there is no dispute the debtor resided in

2

the apartment at the property owned by his LLC when he filed his bankruptcy. That is the time at which his right to claim a homestead must be determined, as that is the time at which the bankruptcy estate arose. *See* 11 U.S.C. § 541(a).

Does the property become property of the estate at all? Section 522 allows a debtor to exempt property from the bankruptcy estate; if property is never part of the bankruptcy estate, it cannot be exempted. Assets that are owned by a non-debtor third party, even a solely-owned business entity, do not become property of estate. *Fowler v. Shadel*, 400 F.3d 1016, 1019 (7th Cir. 2005) ("The corporate assets of Fowler Trucking, Inc. are not property of the debtor and therefore cannot become property of Fowler's bankruptcy estate. Hence, the question of an exemption does not arise."). Although the estate includes the membership and ownership of the LLC, it does not include the assets owned by the LLC. Those assets do not become property of the debtor's bankruptcy estate. This is consistent with the general principle that bankruptcy protections are intended for the benefit of debtors and not third-party entities, even wholly-owned third parties. *See In re White*, 415 B.R. 696, 698 (Bankr. N.D. Ill. 2009) ("Generally, the automatic stay protects the bankruptcy debtor and does not bar suits against third parties, such as nondebtor entities, even when wholly owned by the debtor . . .") (internal citation omitted).

2. *The debtor's equitable interest in the property passed to the trustee along with the ownership interest in the LLC.*

Once K-D's independent legal title in property is upheld, the rest of the debtor's argument in this case speaks to his equitable interest in the property. In Wisconsin, the "concept of a shareholder's equitable interest in corporate property is confirmed by an old case." *Fowler v. Shadel*, 400 F.3d 1016, 1018 (7th Cir. 2005) (citing *Button v. Hoffman,* 61 Wis. 20, 20 N.W. 667, 668 (1884) ("A conveyance of all the capital stock to a purchaser gives to such purchaser only an

3

equitable interest in the property to carry on business under the act of incorporation and in the corporate name, and the corporation is still the legal owner of the same.")). A shareholder's equitable interest can be summed up in saying that, "if the corporation is liquidated (perhaps by decree of a court of equity), the shareholders will become the legal owners of the corporate property (and a sole shareholder will become the sole owner of that property)." *Id.* The same explanation applies to the debtor's equitable interest in the assets of his LLC.

In *Fowler v. Shadel*, the Seventh Circuit concluded that a debtor cannot use an equitable interest in corporate assets to exempt those assets after filing for bankruptcy:

> [h]ere, Fowler [the debtor] could presumably have become the legal owner of the vehicles by dissolving the corporation before filing for bankruptcy and could then have claimed the Wisconsin exemption. However, by filing for bankruptcy first, Fowler's shares of stock passed at the time of filing to the bankruptcy estate and became property of the trustee, who thereby acquired the equitable interest in the corporate property. At that point in time Fowler could no longer claim an exemption based on his claim to an equitable interest in the corporate property because the equitable interest was attached to the shares of stock, which had passed to the trustee.

*Id.* Though the Seventh Circuit's analysis in *Fowler v. Shadel* arose in the case of a solely-owned corporation, its reasoning applies equally to a solely-owned LLC. Here the debtor did have an equitable interest in the property, and if he had dissolved the LLC prior to his bankruptcy and taken legal title to the property, he could have claimed an exemption in the property:

> [w]e follow in the footsteps of the bankruptcy court and the district court in expressing our sympathy to Fowler for the consequences of this holding, which will apparently deprive him of the use of the truck by which he generates most of his income. This result apparently could have been avoided by liquidating the corporation before filing for bankruptcy. As the matter stands now, we cannot breath[e] life into an equitable interest that followed the shares of stock . . .

*Fowler v. Shadel*, 400 F.3d at 1019.

   3. *An exemption in a tenancy at will would not hold up against the trustee, who manages the true ownership interest as part of the bankruptcy estate.*

Finally, for the sake of being thorough, we should note that the Wisconsin homestead exemption does apply to "any estate less than a fee." Wis. Stat. Ann. § 815.20(1) (West 2012); *see also In re Kaufmann*, 142 F. 898 (E.D. Wis. 1906) (holding that a life estate was "a sufficient tenure to [the debtor] within the protection of the statute"). However, all the debtor would have in this case is a tenancy at will. Some courts have allowed debtors to take an exemption in a tenancy at will, 89 A.L.R. 511 (Originally published in 1934); *but see In re Belcher*, 551 F.3d 688, 693 (7th Cir. 2008) (determining that Illinois courts require "something more than mere possession . . . to entitle a party to a homestead estate") (internal quotation omitted), but generally an exemption in a tenancy at will would not hold up against the true owner. Thus, it would not help the debtor's cause against the trustee, who holds the ownership interest in K-D, the true owner, as property of the estate.

In conclusion, while it is unfortunate that the debtor cannot retain an exemption in the property where he resides, he does not have a qualifying property interest that would defeat the trustee. It may be so ordered.

Dated: September 10, 2012

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE